UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN LEE RICHES, | CIVIL ACTION |
| Plaintiff, | No. 08-0131 |
| v. | |
| DANNY DEVITO | |
| Defendant | |

**MEMORANDUM & ORDER**

The court is in receipt of three-hundred nineteen complaints sent for filing in this court by plaintiff. Pursuant to this court's order of January 9, 2008, *see* Docket No. 2, the Clerk of Court has not docketed these complaints; copies of the complaints are attached to this order.[1] Each complaint is only a few sentences long; states an obviously frivolous claim; and recites in a single sentence, without elaboration, that plaintiff is in "imminent danger." Plaintiff has submitted the complaints in batches of fourteen or more, each batch accompanied by a single motion to proceed *in forma pauperis*, reciting that plaintiff "only makes 12¢ a month sweeping at FCI Williamsburg." Plaintiff's motions to proceed *in forma pauperis* are not accompanied by the required certified copy of the amount of

---

[1] The court's order of January 9, 2008 was prompted by plaintiff's having filed eighty-eight frivolous complaints over a three-week period, a deluge that sapped the court's limited resources. Plaintiff filed an appeal of the court's order, which the Third Circuit dismissed for failure to pay the filing fee. *See* Docket No. 5.

funds in his prison account. *See* 28 U.S.C. § 1915(a). Plaintiff is not, in any case, entitled to proceed *in forma pauperis*, because he has filed more than three frivolous lawsuits in federal court (indeed, a search of the PACER case/party index indicates that he has filed 2191 civil cases as of this date). *See id.* § 1915(g); *see, e.g.*, *Riches v. Storm*, No. 08-212, 2008 WL 2873567 (E.D. Wash. July 21, 2008) (citing cases); *Riches v. North*, No. 07-2712, 2008 WL 2676795 (E.D. Cal. June 30, 2008); *Riches v. Karpinski*, Nos. 08-346, 08-347, 2008 WL 2564785 (W.D. Wis. June 25, 2008).

**AND NOW**, this 30th day of July, 2008, **IT IS ORDERED** that:

1. The Clerk of Court shall return to plaintiff the three-hundred nineteen complaints plaintiff has filed since January 9, 2008.

2. The Clerk of Court shall return immediately to plaintiff any further complaints or habeas petitions[2] plaintiff attempts to file, and shall not docket any such complaint or petition, unless the complaint or petition is accompanied by the full amount of the filing fee.

/s/ Louis H. Pollak

Pollak, J.

---

[2] It would appear that this court would lack jurisdiction over any habeas petition plaintiff might attempt to file, given that plaintiff was convicted in the Southern District of Texas. *See United States v. Riches*, 175 Fed. Appx. 480 (5th Cir. 2006); 28 U.S.C. § 2255(a), (e).